**John Wesley COOPER, Plaintiff–Appellant,**

v.

**Patrick Dewayne SMITH; et al., Defendants–Appellees.**

No. 00–15920.

D.C. No. CV–00–0514–PHX–SMM(SLV).

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 13, 2001.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM **

John Wesley Cooper, an Arizona state prisoner, appeals pro se the district court's judgment dismissing his complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(A)(a),[1] as well as the district court's order denying his motion to vacate judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the dismissal de novo and the denial of a motion to vacate for an abuse of discretion. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (order) (§ 1915(A)(a)); *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993) (Fed.R.Civ.P. 59(e) & 60(b)).

The district court properly determined that Cooper's claims regarding the state court order dated March 17, 1999 were barred by the *Rooker–Feldman* doctrine, *see Ahmed v. Washington,* 262 F.3d 979, 982–83 (9th Cir.2001), that his claims regarding the plea agreement must first be filed as a petition for habeas corpus, *see Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that these defects could not be cured by amending the complaint. Because Cooper's motion to vacate judgment did not set forth adequate grounds for relief, the district court did not abuse its discretion by denying the motion. *See* Fed.R.Civ.P. 59(e) & 60(b)(6); *ACandS,* 5 F.3d at 1263.

Cooper's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We construe the district court's order filed on April 7, 2000 to dismiss under 28 U.S.C. § 1915(A)(a) as indicated on the first page of the order because Cooper was not proceeding in forma pauperis and thus was not subject to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).